UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LARRY DALE JOHNSON, | Case No. 3:15-cv-0581-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

This lawsuit arises under the Inmate Accident Compensation Act (18 U.S.C. § 4126) ("IACA"). *Pro se* plaintiff Larry Dale Johnson ("Johnson"), alleges he suffered injuries while performing assigned work in custody of defendant Federal Bureau of Prisons ("BOP"). Johnson's claims stem from alleged injuries during two separate terms of federal incarceration.

The IACA provides no-fault worker's compensation for federal prison inmates injured during assigned work activities. The IACA has strict procedural requirements for compensation claims.

Page 1 - FINDINGS AND RECOMMENDATION                                          {TJP}

The BOP now moves to dismiss Johnson's complaint as barred by claim preclusion and procedural deficiencies. For the reasons that follow, the court should grant BOP's motion to dismiss (ECF No. 14), and allow Johnson limited leave to amend.

*Preliminary Procedural Matters*

I. Judicial Notice

Both parties ask the court to take judicial notice of decisions in Johnson's previous lawsuit against BOP. Judicial notice allows the court to recognize the existence of facts without formal proof. *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). The parties seek judicial notice of records in this district, *Johnson v. Federal Bureau of Prisons*, No. 3:08-cv-6017-HA, and before the United States Court of Appeals for the Ninth Circuit, *Johnson v. Federal Bureau of Prisons*, No. 11-35345. Federal courts may take judicial notice of court records in other cases. *United States v. Howard*, 381 F.3d 873, 836 n.1 (9th Cir. 2004). Accordingly, the court takes judicial notice of the facts set out in court records in the parties' prior lawsuit and, specifically, of Judge Haggerty's opinion granting the BOP's motion for summary judgment and the Ninth Circuit's memorandum opinion affirming Judge Haggerty's decision. *See generally Johnson v. Fed'l Bureau of Prisons*, No. 3:08-cv-6017-HA, 2011 WL 198184 (D. Or. Jan. 18, 2011) (hereinafter *Johnson I*); *Johnson v. Fed'l Bureau of Prisons,* 488 F. App'x 267 (9th Cir. 2012) (hereinafter *Johnson II*).

II. Local Rule 7-1

Johnson alleges the BOP failed to schedule an in-person conference with him regarding its motion. (Pl's Reply to Gov't's Mot., ECF No. 21, at 1.) The court construes this allegation as relating to the conferral requirement of this district's Local Rules of Civil Procedure. Local Rule 7-1 requires counsel to make a good-faith effort to resolve a dispute before filing a motion, either

by telephonic or in-person conference. LR 7-1; *see also Bowers v. Experian Info. Sols., Inc.*, No. Civ. 08-1436-AC, 2009 WL 2136632, at *1-3 (D. Or. July 15, 2009) (applying Local Rule 7-1).

The BOP certified compliance with Local Rule 7-1 in its motion. (Mot. to Dismiss ("Mot."), ECF. No. 14, at 2.) Moreover, counsel for the BOP and Johnson appear to have discussed the pending motion over the telephone. (Mot. for Extension of Time, ECF No. 18, ¶ 1.) Johnson's specific allegation — the BOP failed to schedule an in-person conference — does not violate Local Rule 7-1. While the duty to confer is an important duty of every litigant, it does not require in-person conferences. *See* LR 7-1 (allowing telephonic conferences). Accordingly, the court should not deny the BOP's motion under Local Rule 7-1.

*Factual Background*

The following facts are either judicially noticed from Judge Haggerty's 2011 opinion or taken from Johnson's complaint. For the purposes of a motion to dismiss, the court accepts all factual allegations in the complaint as true and makes all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I. 2004 Claim

Johnson was in BOP custody from 2001 until 2004. (Compl. for Inmate Accident Compensation ("Compl."), ECF No. 2, ¶ 2.) He served at least part of that sentence at Federal Correctional Institution, Sheridan ("FCI Sheridan"), in this district. *Johnson I*, 2011 WL 198814 at *2. Johnson was released from BOP custody on December 28, 2004. *Id.* On June 15, 2005, he filed a claim with BOP for inmate accident compensation, based on an alleged work-related injury on April 30, 2004. *Id.* BOP denied this claim for a lack of documentation. *Id.* Johnson appealed this denial to the Inmate Accident Compensation Committee ("IACC") and the chief operating officer

of Federal prison industries. *Id.* Both appeals were denied. Id.

II. 2008 Lawsuit

Johnson filed a lawsuit in this district in 2008. *Id.* at *1. He asserted multiple claims against BOP and other defendants, arising out of his alleged work-related injury. *Id.* at *2 ("[T]he factual allegations for each claim arise from a common basis — [Johnson]'s alleged injuries while involved in a penal work program."). Judge Haggerty granted summary judgment against Johnson in 2011, without leave to amend. *Id.* at *9. In his opinion, Judge Haggerty held Johnson could bring IACA claims only for his work related injuries. *Id.* at *4. Johnson's IACA claim was untimely and without "good cause for the delay in his claims." *Id.* at *5. Judge Haggerty concluded Johnson could not "cure the untimeliness of his [IACA] claim, or avoid the exclusive nature of that Act's remedies for the harms alleged in this case." *Id.* at *9. Johnson appealed the summary judgment order to the Ninth Circuit. *Johnson II*, 488 F. App'x at 267. The Ninth Circuit affirmed Judge Haggerty's opinion and order. *Id.*

III. Current Claims

Johnson reentered BOP's custody on December 30, 2010. (Compl. ¶ 2.) He allegedly suffered additional work-related injuries or aggravations of existing injuries in 2011 and 2013, while working as an orderly. (*Id.* ¶ 5 & Ex. A at 1.) The BOP did not provide him proper medical treatment. (*Id.* ¶ 2.) Johnson was released from BOP custody on March 21, 2014. (*Id.*) He filed a renewed claim for IACA compensation shortly after release. (*Id.* ¶ 5.) BOP has yet to respond to this claim. (*Id.*)

Johnson filed this case in April 2015. Construed liberally, Johnson alleges two distinct claims. First, Johnson claims the BOP wrongfully denied his 2005 IACA claim. Second, Johnson

claims the BOP wrongfully denied his 2014 IACA claim by failing to respond. He seeks unspecified equitable and monetary relief for these alleged injuries.

The BOP moves to dismiss Johnson's complaint in full for failure to state a claim. It first argues the claim preclusion doctrine bars any claim arising from Johnson's 2005 IACA claim. BOP also argues various pleading and procedural defects bar consideration of his more recent IACA claims.

*Legal Standard*

I.  Motion to Dismiss – FED R. CIV. P. 12(b)(6)

A well-pleaded claim requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2015). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the plaintiff is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007)). The court must assume all facts alleged in a claim are true and view them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678. The court does not assume all legal conclusions are true. *Id.*

The court holds a *pro se* plaintiff's pleadings to a less strict standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Specifically, the court construes the

pleadings liberally and give the *pro se* plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Though liberally construed, *pro se* complaints must still meet the *Iqbal* plausibility standard. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If a court dismisses a *pro se* complaint, it should "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). The court must allow a *pro se* plaintiff "notice of the deficiencies of his or her complaint and an opportunity to amend the complaint" before dismissing a complaint without leave to amend. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

*Discussion*

The BOP argues the claim preclusion doctrine bars Johnson's claims based on his 2004 injuries ("2004 claims"). Johnson contends claim preclusion does not bar the issues he now raises. The BOP next argues Johnson's claims based on his 2011-2013 injuries are untimely, procedurally barred, and seek review of an unreviewable action. Johnson replies that his most recent claim was timely and otherwise valid. The court will address each issue in turn.

I. 2004 Claims

Johnson seeks to "reopen" his 2004 claims, based on his alleged injuries while incarcerated in 2004. He argues the court wrongfully granted summary judgment in 2011 on timeliness grounds. Johnson thus concludes the only issue for the court to decide is the degree of his impairment and amount of compensation under the IACA. The BOP contends the prior disposition of Johnson's

lawsuit bars relitigation of any claims based on the 2004 injuries under the doctrine of claim preclusion.

The court finds the claim preclusion doctrine bars Johnson's 2004 claims. Claim preclusion, also known as *res judicata*, applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). In determining whether an identity of claims exists, the court considers "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). These considerations are not requirements. *Int'l Union of Operating Eng'rs v. Carr*, 994 F.2d 1426, 1430 (9th Cir. 1993). The "transactional nucleus of facts" criterion is the most important factor and frequently dispositive. *Id.*; *see also Mpoyo*, 430 F.3d at 988 (giving dispositive effect to the transactional nucleus element).

An identity of claims exists between Johnson's 2008 lawsuit and this case. A transactional nucleus of fact exists when claims "are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992). Both Johnson's current 2004 claims and the claims litigated in the 2008 lawsuit arise from Johnson's alleged 2004 injuries. *Compare Johnson I*, 2011 WL 198184, at *2 (prior suit arose entirely out of 2004 work-related injuries) *with* Compl. ¶¶ 1-2 (alleging facts relating to the 2004 work-related injuries). The alleged 2004 injuries are an identical transactional nucleus of fact shared by the 2008

case and this lawsuit. While the rights, privileges, and supporting evidence are likely very similar as well, the identical transactional nucleus of fact between the two cases is dispositive on its own. *See Mpoyo*, 430 F.3d at 987 (giving dispositive effect to an identical transactional nucleus of fact). Thus, there is an identity of claims between the 2008 lawsuit and this case.

The final two factors are indisputably met. Judge Haggerty's order granting summary judgment in favor of the BOP was a final judgment on the merits. *See Kourtis v. Cameron*, 419 F.3d 989, 996 n.4 (9th Cir. 2005) (summary judgment orders are final judgments on the merits). The Ninth Circuit affirmed this judgment in full. *Johnson II*, 488 F. App'x at 267. The parties — Johnson and the BOP — are identical, fulfilling the final factor.

Notwithstanding those factors, Johnson argues his claim may continue because the Ninth Circuit incorrectly decided the only issue it discussed in *Johnson II* (whether Johnson's claim was timely). But new arguments or evidence cannot overcome claim preclusion. Once parties litigate a claim to a final judgment on the merits, claim preclusion prevents "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Johnson's 2004 claims should be dismissed with prejudice.

II.  2011 Claims

Johnson also alleges IACA claims arising from work-related injuries during a later term of incarceration. (Compl. Ex. A.) BOP seeks to dismiss these claims based on various issues under the Administrative Procedure Act ("APA").

 A.  IACA Regulations

Under the IACA, strict time limits apply to claims for compensation. Inmates generally must

file their claim no more than forty-five and no less than fifteen days before their date of release. 28 C.F.R. § 301.303(a). They must submit their claims to an Institution Safety Manager or Community Corrections Manager for further processing. *Id.* Once an inmate is released, 28 C.F.R. § 301.303(f) provides: "When circumstances preclude submission in accordance with the provisions of paragraph (a) of this section, a claim may be accepted up to 60 days following release. Additionally, a claim for impairment may be accepted up to one year after release, for good cause shown."

Following submission of a claim, an inmate must submit to a medical examination. 28 C.F.R. § 301.303(c). A claims examiner must then issue a written determination of the claim, considering all available evidence. 28 C.F.R. § 301.305. An unsatisfied applicant may then appeal the examiner's determination to the IACC, which issues a written opinion. 28 C.F.R. § 301.306-.312. An applicant may appeal the IACC's decision to the Chief Operating Officer of Federal Prison Industries, Inc. 28 C.F.R. § 301.313.

### B. *Johnson's Claims*

Johnson's progress in the IACA process is dispositive. He filed an IACA claim after his release from custody under 28 C.F.R. § 301.303(f). (Compl. ¶ 5.) Apparently, the BOP has yet to respond. Based on the BOP's silence in the year following his filing, Johnson argues BOP waived further administrative proceedings. He now asks the court grant him unspecified equitable relief and compensation under IACA. Such relief amounts to judicial review of the merits of Johnson's IACA claim without any further action by the BOP. The BOP argues Johnson cannot raise the merits of his claim because it has not taken final agency action on his claim.

The court cannot consider the merits of Johnson's claim without a final agency action. Where federal law does not otherwise provide for judicial review of an agency action, the APA

allows federal courts to review only final agency actions. 5 U.S.C. § 704. "For an agency action to be final, the action must (1) 'mark the consummation of the agency's decisionmaking process' and (2) 'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). The BOP's delay in responding to Johnson's claim is not the "consummation of the [BOP's] decisionmaking process." *Id.*; *see* 28 C.F.R. §§ 303.303-.313 (establishing the BOP's IACA claim process, including appeals). Johnson cannot seek review of the merits of his IACA claims before BOP takes final agency action on his claims. Because the court finds the BOP has not taken any final agency action, the court will not consider the BOP's remaining arguments regarding Johnson's compliance with procedural requirements.

The lack of final agency action resolves all of Johnson's remaining claims. The IACA is Johnson's exclusive remedy for all of his "inmate accident compensation" claims. *See Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (holding IACA is the exclusive remedy for an inmate's work-related injuries, including for medical care). Johnson's waiver argument lacks merit. Under the APA, even substantial delay does not turn inaction into action. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) ("A 'failure to act' is not the same thing as a 'denial.'"). Thus, BOP's motion to dismiss should be granted, without prejudice to judicial review of BOP's eventual decision.

### C. Limited Leave to Amend

The lack of final agency action does not leave Johnson's claim in administrative limbo without a remedy. The APA allows lawsuits to "compel agency action . . . unnecessarily delayed."

5 U.S.C. § 706(1). Whether a delay is unreasonable depends on the so-called *TRAC*[1] factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (alternations in original). According to Johnson's complaint, BOP has yet to decide whether to accept his March 2014 IACA claim for processing, which he submitted almost two years ago. Johnson's available relief, if any, is to seek to compel BOP to decide whether to accept for processing his underlying IACA claim.

The BOP also argues the court cannot order it to accept Johnson's claim because it has no legal obligation to accept a post-release IACA claim. The court can only order discrete, legally required agency actions under § 706(1). *Norton*, 542 U.S. at 64. This limitation includes claims for unreasonable delay. *Id.* at 63 n.1. Still, *Norton* does not preclude an amended complaint seeking to compel a decision on Johnson's claim. The BOP argues only that it does not have to accept Johnson's claim; the controlling issue is not whether the BOP has to accept Johnson's claim, but whether it has unreasonably delayed the decision to accept or reject his claim. An agency's discretion in decision making does not include the discretion to indefinitely withold decision on an application for relief. *Babbitt*, 105 F.3d at 507 n.6 (finding an implied, nondiscretionary duty to take action on an application for a tangible benefit). Thus, *Norton* does not preclude judicial review of

---

[1] *Telecomms. Research & Action Ctr. v. Fed'l Commc'ns. Comm'n.,* 750 F.2d 70, 79-80 (D.C. Cir. 1984).

the BOP's delay in deciding whether to accept Johnson's IACA claim.

The court should allow Johnson to amend his complaint to seek relief from unreasonable delay in agency action under § 706(1).  *See McGuckin*, 974 F.2d at 1055 (courts should allow *pro se* plaintiffs leave to remedy the deficiencies in their complaints).  Such an amended complaint cannot seek any relief other than an order compelling BOP to decide whether to process or reject his claim.  *See In re Cal. Power Exch. Corp.*, 245 F.3d 1110, 1124 (9th Cir. 2001) (the court's "authority to issue mandamus relief from agency inaction is narrow indeed.").

*Conclusion*

The BOP's motion to dismiss (ECF No. 14) should be GRANTED, with leave to amend. Johnson should be allowed to amend his complaint only to seek to compel the BOP to decide whether to accept or reject his underlying administrative claim, under the APA.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 5, 2016.  If no objections are filed, then the Findings and Recommendation will go under advisement at that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of December, 2015.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge