IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LARRY DALE JOHNSON,**                    3:15-CV-00581-AC

      **Plaintiff,**                      **ORDER**

**v.**

**FEDERAL BUREAU OF PRISONS,**

      **Defendant.**

**BROWN, Judge.**

    Magistrate Judge John V. Acosta issued Findings and Recommendation (#23) on December 18, 2015, in which he recommends the Court grant the Motion (#14) to Dismiss filed by Defendant Bureau of Prisons (BOP) with leave to amend his Complaint for the sole purpose of alleging a claim under the Administrative Procedures Act (APA), 5 U.S.C. § 706, to compel the BOP to decide whether to accept or to reject Plaintiff's claim under the Inmate

1 - ORDER

Accident Compensation Act (ICAC), 18 U.S.C. § 4126, that was filed after Plaintiff's March 2014 release and related to Plaintiff's alleged work-related injuries suffered in 2011 and 2013.

Plaintiff filed timely Objections to the Findings and Recommendation. Plaintiff also filed a Motion (#38) to Strike Pursuant to FRCP 12 and a Second Motion (#51) to Strike Defendant's Footnote #1. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**PLAINTIFF'S MOTION (#38) TO STRIKE PURSUANT
TO FRCP 12 and PLAINTIFF'S SECOND
MOTION (#51) TO STRIKE DEFENDANT'S FOOTNOTE #1**

I. **Standard**

Federal Rule of Civil Procedure 12(f) provides the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

II. **Plaintiff's Motion (#38) to Strike**

In his first Motion to Strike Plaintiff seeks an order striking two phrases from the December 18, 2015, Findings and Recommendation: (1) "Johnson was in BOP custody from 2001 until 2004" and (2) "Johnson was released from BOP custody

on December 28, 2004."[1]  Findings and Recommendation at 3.
Plaintiff asserts he was in BOP custody "after December 28, 2004,
and into year 2005."

In his Complaint Plaintiff alleges in pertinent part:  "I
properly reported my IACA inmate workers compensation claim
(December 31, 2004) within a couple of days of [my] release."
Compl. at ¶ 1.  Although Plaintiff also alleges his prison
sentence ended March 25, 2005, he specifically alleges he was
released "a couple of days" before December 31, 2004.  In
addition, in an earlier action involving Plaintiff's alleged 2004
injuries brought before Judge Ancer Haggerty in *Johnson v.
Federal Bureau of Prisons*, 3:08-CV-06017-HA (*Johnson I*), Judge
Haggerty found on summary judgment that Plaintiff was released
from custody on December 28, 2004.  *Johnson I*, Opin. and Order at
2 (Jan. 18, 2011).  The Ninth Circuit affirmed Judge Haggerty's
decision, including his finding that Plaintiff was released on
December 28, 2004.

Accordingly, the Court denies Plaintiff's Motion to Strike
and declines to strike the statements at issue in the Findings
and Recommendation.

---

[1] The Magistrate Judge's finding as to Plaintiff's
December 28, 2004, release date pertains only to Plaintiff's
IACA claim related to his pre-December 2004 release injuries.
The Magistrate Judge notes later in the Findings and
Recommendation that Plaintiff reentered BOP custody on
December 30, 2010, and was released again on March 21, 2014,
which Plaintiff does not challenge.

**III. Plaintiff's Second Motion (#51) to Strike Defendant's Footnote #1.**

In his Second Motion to Strike Plaintiff moves for an order striking footnote one in Defendant's Response (#36) to Plaintiff's Objections to Findings and Recommendation. In footnote one Defendant states, among other things, that the BOP advised defense counsel that it did not have a record of Plaintiff's 2014 IACA claim.

The Court finds the information in the footnote is not redundant, immaterial, impertinent, or scandalous. Nevertheless, the Court declines to consider the information contained in this footnote because it is presented for the first time in Defendant's Response to Plaintiff's Objections, and it is not directly relevant to the immediate issues before the Court.

Accordingly, the Court grants Plaintiff's Motion to Strike Defendant's Footnote #1.

**PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion (#38) to Strike Pursuant to FRCP 12 and **GRANTS** Plaintiff's Second Motion (#51) to Strike Defendant's Footnote #1.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#23) and, therefore, **GRANTS** BOP's Motion (#14) to Dismiss. The Court **GRANTS** Plaintiff leave to file an Amended Complaint **no later than March 23, 2016,** for the sole purpose of alleging a claim under the APA to compel the BOP to decide whether to accept or to reject Plaintiff's IACA claim that was filed after Plaintiff's March 2014 release and related to his alleged work-related injuries suffered in 2011 and 2013.

The Court advises Plaintiff that the Magistrate Judge will review Plaintiff's Amended Complaint and will recommend striking *sua sponte* any claims that Plaintiff includes in his Amended Complaint that do not comply with the Court's limited leave to

amend.

    IT IS SO ORDERED.

    DATED this 25th day of February, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge