UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LARRY DALE JOHNSON,                                    Case No. 3:15-CV-0581-AC

                         Plaintiff,                    FINDINGS AND
                                                       RECOMMENDATION

      v.

FEDERAL BUREAU OF PRISONS,

                         Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

       This lawsuit arises under the Inmate Accident Compensation Act (18 U.S.C. § 4126) ("IACA"), and alleges plaintiff Larry Dale Johnson ("Johnson") sustained injuries while performing work during two separate terms of federal incarceration. Johnson, appearing *pro se*, filed his original complaint on April 8, 2015, against the Federal Bureau of Prisons ("BOP"). Johnson also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), which was granted on

Page 1 - FINDINGS & RECOMMENDATION                                          [JSR]

April 29, 2015.

Judge Anna Brown granted the BOP's motion to dismiss on February 25, 2016, and allowed Johnson leave to amend "for the sole purpose of alleging a claim under the Administrative Procedures Act (APA), 5 U.S.C. § 706, to compel the BOP to decide whether to accept or to reject Plaintiff's claim under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, that was filed after Plaintiff's March 2014 release and related to Plaintiff's alleged work-related injuries suffered in 2011 and 2013." (Order at 1, 5, ECF No. 61.) Judge Brown also advised Johnson the court would review any amended complaint *sua sponte*. (Order, at 5.) Johnson filed an amended complaint on May 9, 2016 ("Amended Complaint"). For the reasons that follow, the court should exercise its discretion to dismiss the Amended Complaint *sua sponte*, with leave to amend, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(i).

*Preliminary Procedural Matter*

In the first unnumbered paragraph of the Amended Complaint, Johnson attempts to broadly incorporate, "all the original [*pro se*] complaints, pleadings and filings with the federal courts and the Federal Bureau of Prisons administrative remedy pleadings during [his] entire terms of incarcerations . . . ." (Am. Compl. at 1.) This is not proper. "[I]t is well-established that an 'amended complaint supersedes the original, the latter treated thereafter as non-existent.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). In addition, this district's local rules specifically prohibit the incorporation of prior pleadings by reference. United States District Court for the District of Oregon Local Rule ("LR") 15-1(c) ("An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference.").

However, because the court should liberally construe a *pro se* plaintiff's pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and because no facts in Johnson's original complaint are dispositive in this *sua sponte* review of the Amended Complaint, the court will consider allegations from Johnson's original complaint as added context. *See McKenna v. WhisperText*, No. 5:14-CV-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) ("when evaluating an amended complaint, '[t]he court may also consider the prior allegations as part of its "context-specific" inquiry based on its judicial experience and common sense to assess whether' an amended complaint 'plausibly suggests an entitlement to relief.'") (quoting *Cole v. Sunnyvale*, No. C-08-05017-RMW, 2010 WL 532428 at *4 (N.D. Cal. Feb. 9, 2010)).  Therefore, the court will consider allegations in the original complaint to the extent they support the plausibility of any claims for relief in the Amended Complaint.

*Background*

The following facts are judicially noticed from Judge Haggerty's 2011 opinion, which addressed Johnson's prior IACA administrative claim for injuries suffered in 2004, or are taken from the Amended Complaint.

I. Prior Claims

On June 15, 2005, Johnson filed an administrative claim with the BOP for inmate accident compensation based on an alleged work-related back injury that occurred on April 30, 2004. *Johnson v. Fed. Bureau of Prisons*, No. 3:08-cv-6017-HA, 2011 WL 198184, at *1 (D. Or. Jan. 18, 2011).  The BOP denied the claim for lack of documentation.  *Id.*  Johnson appealed to both the Inmate Accident Compensation Committee and the chief operation officer of the Federal Prison Industries.  *Id.*  Both appeals were denied.  *Id.*  Johnson then filed a lawsuit in this district in 2008,

asserting multiple claims against the BOP and other defendants arising out of the alleged 2004 work-related injury. *Id.* at 2. Judge Haggerty granted summary judgment for defendants in 2011, without leave to amend. *Id.* at 9. Johnson appealed and the Ninth Circuit affirmed Judge Haggerty's opinion and order. *Johnson v. Fed. Bureau of Prisons*, 488 F. App'x 267, 267 (9th Cir. 2012).

II. Current Claims

Johnson reentered BOP custody on December 30, 2010. (Compl. ¶ 2, ECF No. 2.) He allegedly suffered additional work-related injuries or aggravations of existing injuries in 2011 and 2013, while working as an orderly. (*Id.* ¶ 5; Ex. A at 1.) Johnson was released from BOP custody on March 21, 2014, and filed a renewed administrative claim with the BOP for IACA compensation shortly thereafter. (*Id.* ¶¶ 2, 5.) The BOP has yet to respond to the claim. (*Id.* ¶ 5.) In the Amended Complaint, Johnson claims the BOP denies receiving the claim. (*See* Am. Compl. ¶ 7, ECF No. 65.)

As explained in the previous findings and recommendation, Johnson's progress in his administrative claim against the BOP is dispositive of any IACA claim in this court. (Findings and Recommendation at 9, ECF No. 23.) The court cannot consider the merits of Johnson's claim without a final agency action. As a result, the court granted the BOP's motion to dismiss. However, in light of Johnson's *pro se* status, the court granted Johnson limited leave to amend the complaint for the narrow purpose of alleging a claim under 5 U.S.C. § 706(1) to compel agency action. (*See* Order at 1, 5.) Pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), the court now reviews the Amended Complaint *sua sponte* to determine whether it sufficiently states a claim under § 706(1) to compel the BOP to accept or deny his administrative claim.

/ / / / /

/ / / / /

*Legal Standard*

"In determining whether a complaint should be dismissed for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), we apply the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). A well-pleaded claim requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2015). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). The court must assume all facts alleged in a claim are true and view them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678. The court does not assume all legal conclusions are true. *Id.*

The court holds a *pro se* plaintiff's pleadings to a less strict standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Specifically, the court construes the pleadings liberally and gives the *pro se* plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Though liberally construed, *pro se* complaints must still meet the *Iqbal* plausibility standard. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If a court dismisses a *pro se* complaint, it should "grant

leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). The court must allow a *pro se* plaintiff "notice of the deficiencies of his or her complaint and an opportunity to amend the complaint" before dismissing a complaint without leave to amend. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

## Discussion

Johnson was given limited leave to amend  "for the sole purpose of alleging a claim under the APA to compel the BOP to decide whether to accept or to reject Plaintiff's IACA claim that [he] filed after [his] March 2014 release and related to his alleged work-related injuries suffered in 2011 and 2013." (Order at 5, ECF No. 61.) Under § 706(1), a plaintiff can state a claim to "compel agency action unlawfully withheld or unreasonably delayed." To state a claim under § 706(1), a plaintiff must assert "that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (emphasis in original). To qualify as an action the agency is "required to take," the action must be legally obligated and "so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010). Rules, orders, licenses, sanctions, and relief can qualify as discrete actions. *Norton*, 542 U.S. at 62.

To state a claim under § 706(1), Johnson must plead sufficient facts to establish a (1) discrete action the BOP is (2) required to take, and the BOP (3) unreasonably delayed taking such action. *See Norton*, 542 U.S. at 62-65. The Amended Complaint must satisfy all three elements to properly

state a claim to compel agency action under § 706(1).  Even construed liberally, the Amended Complaint fails to adequately satisfy any of the three elements.  As such, Johnson's Amended Complaint fails to state a claim under § 706(1).

A decision by the BOP to deny or accept Johnson's claim would qualify as a discrete agency action, but the Amended Complaint fails to clearly state that such agency action occurred.  The Amended Complaint repeatedly alleges the BOP denied or delayed Johnson's claim: "[the BOP claims examiner] has consistently delayed and denied the claims . . . ."; "[t]he Federal Bureau of Prisons has continuously delayed my work injury claims by deceit and misrepresentation of facts"; and the "[BOP] still after over two years unnecessarily deny and delay the injury claims . . . ." (Am. Compl. ¶¶ 6-7.)  However, in the context of the other allegations in the Amended Complaint, as well as those in the initial complaint, it appears, that the BOP "denied" receipt of Johnson's claim.  (*See* Compl.; Am. Compl.)  If the BOP never received an administrative claim from Johnson after his release in 2014, then there is no agency action to compel under 5 U.S.C. § 706(1).  To properly state a claim then, Johnson must first allege facts to establish he filed an administrative claim with the BOP in 2014 and then identify a discrete agency action he believes should have been taken by the BOP, such as "recognition of a claim" or "denial thereof." *Norton*, 542 U.S. at 62 (quoting 5 U.S.C. §§ 551(11)(b), (13)).  Because Johnson fails to properly identify such an action, the Amended Complaint fails to satisfy the first element.

The Amended Complaint also fails to allege the BOP failed to take an action that it was legally required to take.  To properly state a claim, Johnson must assert the BOP is legally required to take some discrete action with regard to his pending administrative claim. *Norton*, 542 U.S. at 63.  This means Johnson must identify "a statutory duty" that requires the BOP to take such action.

*San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 885 (9th Cir. 2002). The Amended Complaint does not identify any such statutory duty. Thus, Johnson fails to satisfy the second element as well.

Even if Johnson were to identify a discrete action the BOP is required to take in the Amended Complaint, his allegations of unreasonable delay do not meet the plausibility standard of *Twombly* and *Iqbal*. A claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe*, 789 F.3d at 1035 (quoting *Iqbal*, 556 U.S. at 678). Johnson's only factual allegation asserting unreasonable delay is presented as a question: "[a] US Marshal serves [BOP] with the initial complaint with injury attachments and they still after over two years unnecessarily deny and delay the injury claims under the protection of the US Attorney General's Office ????????" (Am. Compl. at ¶ 7.) This does not constitute an allegation and, thus, does not rise to the level of facial plausibility. As a result, Johnson fails to satisfy the third element required to state a claim under   § 706(1).

Because Johnson fails to state a claim to compel agency action under § 706(1), the Amended Complaint should be dismissed. However, Johnson should be allowed one more chance to amend his claim. There is substantial authority that supports liberally granting leave to amend, especially in the case of *pro se* litigants proceeding *in forma pauperis*. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1130 (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)). Additionally, "[a] *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d

1122.  Furthermore, "the 'rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Lopez*, 203 F.3d at 1131 (quoting *Noll*, 809 F.2d at 1448).  A *pro se* plaintiff proceeding *in forma pauperis* should be allowed "to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Lopez*, 203 F.3d at 1128.

In this case, Johnson, a *pro se* plaintiff proceeding *in forma pauperis*, attempted to follow the court's instructions and state a claim under the APA to compel the BOP to accept or deny his administrative claim.  Johnson, like many *pro se* plaintiffs, did not draft a perfect amended complaint.  However,  it is still possible for Johnson to cure the deficiencies in the Amended Complaint, and because "the court [cannot] rule out any possibility . . . that an amended complaint would succeed in stating a claim," he should be afforded one more opportunity to do so.  *Id.*  If Johnson cannot cure the deficiencies and properly state a claim under 5 U.S.C. § 706(1) in a newly amended complaint, the court is likely to find further amendment would be futile.  Consequently, the court recommends the Amended Complaint be dismissed with leave to amend.

To cure the deficiencies in the Amended Complaint, Johnson must allege facts that satisfy all elements required to state a claim under 5 U.S.C. § 706(1) and request an order to compel the BOP to accept or reject his IACA claim.  First, Johnson must identify the discrete action he believes the BOP has unreasonably delayed in taking.  *See Norton*, 542 U.S. at 62.  Second, Johnson must show the BOP is legally required to take that discrete action.  *See id.* at 63-64.  Third, Johnson must allege this action has been unreasonably delayed.  *See* 5 U.S.C. § 706(1).  Finally, Johnson must

request an order from the court to compel the BOP to accept or deny his claim. When drafting a new amended complaint, Johnson is advised that LR 15-1(c) requires him to reproduce the entire pleading and not incorporate prior versions by reference. The newly amended complaint will operate as a complete substitute for the present Amended Complaint, not as a supplement.

### Conclusion

After *sua sponte* review, the Amended Complaint should be dismissed, with leave to amend. Johnson should be allowed to amend his complaint only to seek to compel the BOP to decide whether to accept or reject his underlying administrative claim, under the APA.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 15, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of July, 2016.

_____ /s/ John V. Acosta _____

JOHN V. ACOSTA
United States Magistrate Judge